UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES A. BATTLE, JR.,

    Plaintiff,

v.

TONYA WICK, *et al.*,

    Defendants.

CASE NO. C08-642-RAJ-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges in his complaint that he was unlawfully detained for a period of twenty months after defendants improperly calculated his earned early release credit and improperly changed his risk management level. Plaintiff identifies as defendants in his complaint Tonya Wick, a community corrections counselor, and Debra Holly, a correctional counselor at the Monroe Correctional Complex ("MCC").[1] Plaintiff seeks compensatory and punitive damages.

---

[1] Plaintiff also identified the State of Washington and the Department of Corrections as defendants in his complaint. These two defendants were dismissed prior to service of the complaint. (*See* Dkt. No. 5.)

REPORT AND RECOMMENDATION
PAGE - 1

Defendants have filed a motion to dismiss this action. Plaintiff has filed a response to defendants' motion to dismiss as well as two motions to amend and two proposed amended complaints which are apparently intended to avert dismissal on the grounds argued by defendants. Defendants oppose plaintiff's request for leave to amend. The Court, having reviewed the pending motions of the parties, and the balance of the record, concludes that defendants' motion to dismiss should be denied and that plaintiff should be permitted to amend his complaint.

## BACKGROUND

The following facts are taken from plaintiff's complaint and the attached exhibits, as well as from the exhibits submitted by defendants in support of their motion to dismiss. Defendants agree that for the purposes of their motion to dismiss, plaintiff's allegations should be taken as true. (Dkt. No. 10 at 3-4.)

On April 1, 2002, plaintiff pleaded guilty to a charge of criminal solicitation - delivery of cocaine. (*See* Dkt. No. 10, Ex. 1, Attachment A, Appendix A at 1.) Plaintiff was found eligible to receive a sentence under the Special Drug Offender Sentencing Alternative ("DOSA") and was ordered to serve 30 months of total confinement and 30 months of community custody. (*Id*. at 21.) At the time plaintiff was sentenced, he was entitled to earn early release credit at the rate of 33%. *See* RCW 9.94A.728 (2002).

Plaintiff was transferred to the Department of Corrections on April 5, 2002, after having served forty-six days in the county jail. (*See* Dkt. No. 4, Appendix A.) On April 23, 2003, plaintiff was transferred to Reynolds Work Release to begin the community custody portion of his sentence. (*See* Dkt. No. 10, Ex. 1, Attach. C, Ex. 1, Attach. A at 5.) Plaintiff contends that after arriving at the work release facility, he was advised by Community Corrections Counselor Tonya Wick that he would be eligible to receive up to 50% earned early release credit beginning on July 1, 2003, pursuant to Engrossed Senate Bill 5990. (Dkt. No. 4 at 3.) Plaintiff was subsequently advised by

REPORT AND RECOMMENDATION
PAGE - 2

Ms. Wick that he was not eligible to receive the increased amount of early release credit because of his criminal history. (Dkt. No. 4 at 3.) Plaintiff disagreed with Ms. Wick's conclusion and attempted to resolve the matter directly with Ms. Wick and through his attorney. (*Id*.)

In August 2003, plaintiff was returned to confinement at the McNeil Island Corrections Center ("MICC"). (*See* Dkt. No. 10, Ex. 1, Attach. C, Ex. 1, Attach. A at 5.) Upon his return to total confinement, plaintiff appealed to the MICC records manager to determine his eligibility for the 50% earned early release credit. (Dkt. No. 4 at 3.) On October 14, 2003, the records manager determined that plaintiff was eligible to receive the 50% earned early release credit. (*Id*., Attach. C.) On October 27, 2003, plaintiff was again released to community custody. (*See* Dkt. No. 10, Ex. 1, Attach. C, Ex. 1, Attach. A at 5.)

Plaintiff was re-incarcerated at MICC for a period of time during the month of September 2004, as a result of a violation of the conditions of his community custody, but he was apparently released to the custody of King County later that same month. (*Id*.) Another community custody violation in January 2005, resulted in the revocation of plaintiff's DOSA sentence. (*See id*. and Dkt. No. 4 at 4.) Plaintiff was readmitted to the Department of Corrections in February 2005. (*See id*.)

In April 2005, plaintiff was transferred to the MCC. (*Id*.) There, he spoke with Debra Holly, his unit counselor, about the earned early release credit and explained that he should have already been released from custody. (Dkt. No. 4 at 4.) According to plaintiff, Ms. Holly became belligerent and, thus, he appealed to Custody Unit Supervisor Gene Shaller and then to Superintendent Willie Daigle for relief from his alleged unlawful confinement. (*Id*.) Plaintiff's appeals were apparently denied. (*Id*.)

In late April 2005, plaintiff filed a personal restraint petition in the Washington Court of Appeals in which he alleged that the Department of Corrections was detaining him beyond his early release date. (Dkt. No. 4, Appendix D.) Plaintiff's personal restraint petition was stayed pending

REPORT AND RECOMMENDATION
PAGE - 3

resolution of a similar issue in another case. (*See id*.) At some point, apparently after plaintiff filed his personal restraint petition, Ms. Holly changed plaintiff's risk management level which disqualified him from receiving 50% earned time. (Dkt. No. 4 at 4.)

Plaintiff remained in custody until March 8, 2006, when he was transferred to the Bishop Lewis Work Release facility. (Dkt. No. 4 at 4; Dkt. No. 10, Ex. 1, Attach. C, Ex. 1, Attach. A at 5.) On April 3, 2006, plaintiff was released from the Department of Corrections. (*See id*.) On September 11, 2006, petitioner's personal restraint petition was dismissed by the Washington Court of Appeals because the issues raised therein had become moot upon plaintiff's release from custody. (*See* Dkt. No. 10, Ex. 1, Attach. E at 2-3.)

## PROCEDURAL HISTORY

Plaintiff submitted his civil rights complaint to the Court for filing on April 24, 2008. (*See* Dkt. No. 1.) Plaintiff alleged in his complaint that the failure of defendant Tonya Wick to award him the proper amount of earned early release credit caused him to be held in custody for four months beyond his earned early release date of July 1, 2003. (*See* Dkt. No. 4 at 3.) Plaintiff further alleged that after his re-admission to the Department of Corrections in February 2005, defendant Debra Holly failed to respond to his complaints that he was being held unlawfully beyond his release date. (*Id*. at 4.) Finally, plaintiff alleged that defendant Holly unlawfully changed his risk management level thereby disqualifying him from receiving his 50% earned early release time. (*Id*.)

On June 27, 2008, defendants filed the pending motion to dismiss in which they argue that this action should be dismissed because plaintiff's claims are barred by the doctrine of res judicata and by the favorable termination doctrine. (Dkt. No. 10.) On July 11, 2008, plaintiff filed a "motion" objecting to defendants' motion to dismiss together with a motion for leave to amend his complaint and a proposed amended complaint. (Dkt. Nos. 12 and 13.) Plaintiff argues in his "motion" that defendants' motion to dismiss should not be granted because he is seeking leave to

1 amend his complaint to dismiss his claims against defendant Tonya Wick and is seeking to proceed only with his claims against defendant Debra Holly, and four new defendants, for his unlawful detention between November 2004 and April 2006. (*See* Dkt. Nos. 12 and 13.)

On July 18, 2008, defendants filed a response in opposition to plaintiff's motion to amend in which they argue that the proposed amendments are futile because plaintiff's claims are still subject to dismissal based on the doctrine of res judicata and the favorable termination doctrine. (Dkt. No. 14.) On July 21, 2008, plaintiff filed a second motion to amend together with a second proposed amended complaint. (Dkt. No. 15.) The intent of this second request to amend appears to be to clarify the claims alleged by plaintiff in the proposed amended complaint submitted on July 11, 2008.

On July 23, 2008, plaintiff filed a motion to dismiss defendants' motion to dismiss in which he essentially argues that the claims set forth in his proposed amended complaint cure the deficiencies identified by defendants in their motion to dismiss. (*See* Dkt. No. 16.) On August 4, 2008, plaintiff filed an affidavit in support of his proposed amended complaint to which he attached a letter from the Office of Financial Management/Risk Management offering to settle plaintiff's claims of unlawful restraint for the sum of $500.00. (*See* Dkt. No. 17.) Plaintiff asserts in his affidavit that the letter corroborates the claims alleged in his civil rights complaint. (*Id.*) Defendants have filed a motion to strike plaintiff's affidavit on the grounds that Fed. R. Evidence 408(a) prohibits the admission of such evidence. Plaintiff opposes that motion. All pending motions are now ripe for review.

## DISCUSSION

An action may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint

REPORT AND RECOMMENDATION
PAGE - 5

is to be liberally construed in favor of the plaintiff. *Keniston*, 717 F.2d at 1300. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

## Res Judicata

Defendants first argue in their motion to dismiss that plaintiff's claims are barred by the doctrine of *res judicata*. In support of this contention, defendants direct the Court's attention to a previously filed action, *Battle v. Wick*, C05-2045-RSL-MJB, in which plaintiff alleged that Tonya Wick and others had violated his rights to due process and equal protection when they failed to grant him the earned early release credit to which he was entitled under Engrossed Substitute Senate Bill 5990. (*See* Dkt. No. 10, Ex. 1, Attachment A.) Plaintiff sought monetary relief for time spent in custody between July 1, 2003, and October 27, 2003. (*See id.*) Plaintiff's prior action was dismissed with prejudice on December 19, 2006, upon motion of defendants, when plaintiff failed to comply with court rules and failed to appear for his deposition. (*Id.*, Ex. 1, Attachments C and D.)

The doctrine of *res judicata* "bar[s] litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). To bar a later suit under the doctrine of *res judicata*, there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Id.*

Defendants argue that the claims alleged by plaintiff in the instant action are the same claims which were alleged by plaintiff in his previous action. It is true that at least some of the claims asserted by plaintiff in this action are the same as the claims asserted by plaintiff in his previously

REPORT AND RECOMMENDATION
PAGE - 6

dismissed action. Specifically, plaintiff's claims against defendant Tonya Wick pertaining to his allegedly unlawful detention in 2003 were precisely the claims he sought to litigate in his prior action. Thus, these claims are barred by the doctrine of *res judicata*.

However, plaintiff also asserts claims in the instant action pertaining to a subsequent period of alleged unlawful detention, from late-2004 to early-2006, during which, according to plaintiff, his pleas to have his earned early release calculation reviewed were ignored. While the claims pertaining to this later period of alleged unlawful confinement are similar in nature to those alleged in the prior action, the Court disagrees with defendants' assertion that these new claims could have been brought in that prior action. It appears from the record that plaintiff filed his first civil rights action during the time that he claims to have been unlawfully confined from late-2004 through early- 2006. Any § 1983 claims pertaining to that period of detention would have necessarily been barred in plaintiff's previous action under *Heck v. Humphrey*, 512 U.S. 477 (1994)[2], because the claims would have constituted a challenge to plaintiff's then current confinement and that confinement had not been invalidated. Since it appears that plaintiff's claims pertaining to his late-2004 to early-2006 detention would not have been cognizable in his prior action, this Court concludes that those claims are not barred by the doctrine of *res judicata*.

### Favorable Termination

Defendants also argue in their motion to dismiss that plaintiff's claims are barred by the favorable termination doctrine as established by *Heck*. Defendants maintain that plaintiff may not seek a judgment in this § 1983 action which would necessarily imply that the confinement he seeks to challenge was invalid. Once again, this Court disagrees.

---

[2] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

REPORT AND RECOMMENDATION
PAGE - 7

As explained above, if plaintiff had attempted to raise his claims pertaining to his alleged unlawful detention between late-2004 and early-2006 in his prior action, the claims would have been barred by *Heck* because that detention had not been invalidated by way of the state or federal habeas process. However, now that plaintiff has been released from the confinement which he seeks to challenge here, he no longer has a habeas remedy available to him.[3] The Ninth Circuit is one of at least six circuits to have held that *Heck's* favorable termination requirement cannot be imposed against a § 1983 plaintiff who is ineligible to seek habeas relief because it would leave the plaintiff without any access to federal court to seek redress for alleged violations of his constitutional rights. *See Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002); *Wilson v. Johnson*, 535 F.3d 262, 266-68 (4th Cir. 2008). Thus, in this Court's view, the favorable termination doctrine does not preclude plaintiff from pursuing his challenges to the lawfulness of his late-2004 to early-2006 detention in this § 1983 action.

## Motions to Amend

Plaintiff currently has two motions to amend his complaint pending before the Court. In those motions, plaintiff requests that he be granted leave to voluntarily dismiss Tonya Wick from this action and that he be permitted to proceed on his claims pertaining to the period of alleged unlawful detention between late-2004 and early-2006. Defendants oppose plaintiff's request for leave to amend, arguing that the proposed amendments would be futile because plaintiff is merely attempting to assert identical claims against individuals in privity with Ms. Wick and, thus, all claims are still barred by the doctrine of *res judicata*. However, for the reasons detailed above, it is this Court's view that plaintiff's claims pertaining to his 2004-2006 detention are neither barred by the doctrine of *res judicata* nor by the favorable termination doctrine. Plaintiff should therefore be permitted to

---

[3] In fact, as noted above, petitioner's personal restraint petition challenging his detention was dismissed as moot upon his release from custody.

REPORT AND RECOMMENDATION
PAGE - 8

amend his complaint to delete the barred claims and to proceed on those claims which remain viable.

As plaintiff's second proposed amended complaint appears to merely be a refinement of his first proposed amended complaint, plaintiff should be permitted to proceed on his second proposed amended complaint and his first proposed amended complaint should be stricken as moot. As to the affidavit submitted by plaintiff in support of his amended complaint, the Court is not satisfied at this juncture that there is a proper purpose for admitting this document. Accordingly, defendant's motion to strike the affidavit should be granted.

## CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion to dismiss be denied, that plaintiff's motion to amend filed on July 21, 2008, be granted, that plaintiff's motion to amend filed on July 11, 2008, be stricken as moot, and that defendant's motion to strike plaintiff's affidavit be granted. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of September, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge